Opinion of the Court, by
Ch, J. Boyle.
THIS was a bill in chancery, exhibited by Cates against Loftus, in which, in substance, he alleges that he has the legal title to, and is in possession of a tract of 400 acres of land, to which Loftus pretends efciim under a vague and void entry, without equity, and prays that Loftus may he compelled to release.
Loftus, in his answer, states, that “he does not claim title to the tract' of land exhibited i'n said bill,' or any part thereof;” but he does pot offer to release, and be controverts Cates’ right to resold to a court of equity, and requires of him proof of all the allegations of his bill. -
On a final hearing, the circuit court, at their May term 1822, decreed Loftus to release to Cates, on or before a day therein named; and appointed a commissioner, who, on the failure of Loftus to exeeutethe release, was directed to do so in his stead; but the court decreed Cates to pay to Loftus his costs. The commissioner executed the release, Loftus having failed to do so, according to the decree. At the November term following, the court set aside the former decree for costs, and entered a decree that Loftus should pay to Cates his costs, and Loftus has brought the case to this court by writ of error with supersedeas.
(1) The assignment of errors questions the propriety of both the original decree for the land and the subsequent decree for costs against Loftus; but the writ of error is sued out only to the original decree for the land, and not to the decree for costs against Loftus, and the propriety of the latter cannot, therefore, be a subject of examination in this case. '
(&) The person in po4es-siori óflnud, le*aMitlphe "may,bybiíiin equity, have retpasoóftho title set up by an adversary íes-í'ho in Ms answer disclaims and otters to re-Qnere, as lo the construetion of.the caso!Umt'1S
(3) In the answer of the aL'biU 'by the holder of the legal title in iuruWbr a re-éase of an adversary olmm, it _!s to disclaim; there must be release1' or it will'1 be decreed. So is the statute.
Sharp, for plaintiff; Crittenden, Hoggin and Huston, for defendant.
(2) With respect to the original decree for the land, its propriety’cannot, we ihink, admit of a reasonable do'ubt. Calcs has produced a legal title for the land in controversy, and proved himself to be in possession, and Loftus has wholly failed to establish any claim to it.
rJPhe principal ground; indeed, upon which he relies f°r a reversal of the decree; is, that, he disclaimed any title to the land, in his answer. It might, however, weH be doubled, whether the answer of Loftus amounts to a disclaimer, especially as he controverts in it Cates’ iright-, and requires of him ptoofof all the allegations of fhe bilh
(3) admitting Loftus to have fairly and fully disclaimed all title in his answer, still it would not have been sufficient to prevent a decree against him for a reA jease 0f his title, unless he had offered to give such release. The'act of assembly, 1 Dig. L. K. 221, § 29, declares, that “ any person having both the legal title an(j Lbe possesion of land, may institute a suit against any other persdn setting up a claim thereto; and if the complainant sha,11 establish his title to such land, the defendant shall be dfecreed to release his claim thereto, al'd Pay the complainant his costs, unless the defendant shall, by his answer, disclaim all title to such lands, and offer to give such release to the complainant.,j Ac-cording to this provision, it is plain that as Cates proved bimselfin possession, and established his title, the court was impératively required to decree Loftus to re~ jease bis claim, unless he had, in bis answer, not only distelaimed all title; but had, moreover, offered to give to Cates a release; and this he failed to do.
The decree must be affirmed with costs.